Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, | **Case No. 2:12-cv-01068-LKK-KJN** |
| Plaintiff, | Judge: Hon. Lawrence K. Karlton |
| v. | Mag: Hon. Kendall J. Newman |
| PARRY BUCK, | Date: December 20, 2012 |
| | Time: 10 A.M. |
| Defendant. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT PARRY BUCK** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on December 20, 2012 at 10 AM, or as soon thereafter as the matter may be heard, the undersigned shall appear before the Honorable United States Magistrate Judge Kendall J. Newman in 8th Floor Courtroom, #25 of the Sacramento Courthouse, located at 501 I Street, Sacramento, CA 95814, and shall then and there present a Motion for Entry of Default Judgment against Defendant Parry Buck.

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT PARRY BUCK**

Pursuant to the Federal Rule of Civil Procedure 55, Plaintiff hereby requests that the Court enter a judgment by default against Defendant Parry Buck. Defendant was served with the summons and amended complaint on October 12, 2012. Defendant failed to respond to Plaintiff's allegations within the time specified by Federal Rule of Civil Procedure 12(a). Therefore, because Plaintiff has shown sufficient facts to establish Defendant's liability, and default has already been entered, the Court should enter default judgment against Defendant. Based on the actions of Defendant, which led to the infringement by thousands of other individuals of Plaintiff's copyrighted work, the Court should enter judgment for at least $150,000 in statutory damages plus $4,137.85 in attorney's fees and costs to Plaintiff.[1]

### I.   RELEVANT HISTORY

Plaintiff AF Holdings LLC is the exclusive owner of the copyrighted motion picture "Popular Demand." (ECF No. 1 ¶ 3.) Plaintiff initially filed this action against an unknown Doe Defendant for copyright infringement for illegally downloading and distributing "Popular Demand" through the BitTorrent protocol. (ECF No. 1.) When the suit was filed, Plaintiff did not know the name of the alleged infringer but had identified the Internet Protocol ("IP") addresses associated with the infringement. (*Id.* ¶ 4.) In order to ascertain the identity of the unknown infringer, Plaintiff sought leave to issue a subpoena to the Internet Service Provider ("ISP") that provided Internet service to the identified IP address. (ECF No. 7.) The Court granted Plaintiff's request. (ECF No. 8.)

Plaintiff issued a subpoena to the ISP who provided Internet service to the IP address in question. After the ISP provided notice to its subscriber, the ISP identified Defendant as the

---

[1] Plaintiff refiles this Motion per the Court's instruction requiring that the Motion be noticed for a hearing before Honorable Magistrate Judge Kendall J. Newman

individual associated with the infringing IP address. Plaintiff amended its complaint on September 8, 2012, alleging that Defendant infringed upon Plaintiff's Copyright. (ECF No. 10.)

A summons was issued for Defendant on September 11, 2012. (ECF No. 11, attached hereto as Exhibit B.) The summons and a copy of the Amended Complaint were personally served upon Defendant on October 12, 2012 at the address provided by his ISP, informing him of this lawsuit and explaining that if he failed to respond with an answer or motion within 21 days, judgment by default will be entered against him. (ECF No. 15, attached hereto as Exhibit C.); (*see also* Declaration of Brett L. Gibbs [hereinafter "Gibbs Decl."] ¶ 3, attached hereto as Exhibit A). Plaintiff's counsel has made numerous other attempts to contact Defendant via telephone and mail in order to inform him of this litigation. (*See* Gibbs Decl. ¶¶ 4-9.) Defendant has informed Plaintiff that he "wouldn't participate" in the case. (*Id.* at ¶ 7.) Nevertheless, Defendant was sufficiently apprised of the pending litigation, both through numerous instances of communication by Plaintiff's counsel and through personal service of the amended complaint and summons. (*Id.* ¶¶ 3-9.)

As of November 12, 2012, Defendant had not responded, either through an answer or a motion, to Plaintiff's amended complaint, so Plaintiff filed a request for the Clerk of Court to enter default against Defendant on the ground that he failed to appear or otherwise respond to Plaintiff's amended complaint within the time prescribed by the FRCP Rule 12(a). (ECF No. 17.) The Clerk of Court entered default as to Defendant on November 13, 2012. (ECF No. 18.) Because Defendant still has not responded, either through an answer or a motion, to Plaintiff's amended complaint, Plaintiff submits this motion for entry of default judgment against him.

**II.    ARGUMENT**

This section consists of four parts. Part A sets forth the standard for default judgment. Part B argues that Plaintiff has established Defendant's liability. Part C argues that Plaintiff is entitled to

collect statutory damages as a result of damage caused by Defendant's actions. Part D argues that Plaintiff is entitled to collect attorneys' fees as a result of Defendant's actions.

///

### A. Standards for Default Judgment.

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a party has been defaulted, a court may enter a default judgment. Fed. R. Civ. P. 55(b); *see also PepsiCo, Inc. v. California Security Cans*, 238 F.Supp. 2d 1172, 1174 (C.D. Cal. 2002). Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.1987); *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (citations omitted). Thus, the plaintiff is required to provide proof of all damages sought in the complaint. *PepsiCo* 238 F.Supp. 2d at 1175. This process is limited by Rule 54, which states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P. 54(c).

### B. Plaintiff has Established Defendant's Liability

Plaintiff has established that Defendant is liable for its claims of copyright infringement and contributory infringement. (ECF No. 10.) Plaintiff addresses each claim in greater detail below.

#### 1. Plaintiff has established Defendant's liability for copyright infringement

Plaintiff's pleadings establish Defendant's liability for copyright infringement. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of

constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991). Plaintiff has met both of these elements. In regards to the first element, in its amended complaint Plaintiff alleged that "Plaintiff is the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video." (ECF No. 10 ¶ 18.) Plaintiff further alleged that "[t]he Video is currently registered in the United States Copyright Office (Copyright No. PA0001754383)," and that "Plaintiff received the rights to this Video pursuant to an assignment agreement." (*Id.* ¶ 19.) A copy of the certificate of registration and a copy of the assignment agreement were attached to amended complaint as Exhibits A and B respectively. (*See* ECF Nos. 10-1 and 10-2.)

Further, in judicial proceedings, a "certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c) (1977). Plaintiff's certificate of registration meets this requirement and establishes prima facie evidence of a valid copyright. (ECF No. 10-1) (showing that the date of publication is July 27, 2011 and the registration date is August 9, 2011). Once Plaintiff produced the certificate of copyright, the burden shifted to Defendant to demonstrate why the claim of copyright is invalid. *Bibbero Sys., Inc. v. Colwell Sys., Inc.,* 893 F.2d 1104, 1106 (9th Cir.1990). Because Defendant failed to answer Plaintiff's amended complaint or otherwise response, he failed to rebut this presumption.

In regards to the second element, Plaintiff alleged that "Defendant, using IP address 76.125.61.233, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, μTorrent 3.0—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties." (ECF No. 10 ¶ 22.) Plaintiff further alleged the specific date and time in which Plaintiff observed the infringement. (*Id.* ¶ 23) ("Plaintiff's

investigators detected Defendant's illegal download on December 12, 2011 at 12:37:05 A.M. (UTC).") Finally Plaintiff alleged that "Defendant's conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act." (*Id.* ¶ 26.) The Court must accept these well-pleaded allegations as fact. *Buchanan,* 820 F.2d at 361. Based on Plaintiff's allegations both elements for copyright infringement have been established. Plaintiff, therefore, has established Defendant's liability for copyright infringement.

### 2. Plaintiff has established Defendant's liability for contributory infringement

Plaintiff's pleadings establish Defendant's liability for contributory infringement of Plaintiff's copyrighted work. To establish Defendant's liability for contributory infringement, Plaintiff must meet two elements: 1) that Defendant knew, or had reason to know, of the direct infringement, and 2) that Defendant materially contributed to the infringing activity. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019-1022 (9th Cir. 2001) ("Traditionally, 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer.'") (citing *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971); *see also Religious Tech. Center v. Netcom On-Line Comm.*, 907 F.Supp. 1361, 1373-1375 (N.D. Cal. 1995). Plaintiff's allegations establish both of these elements.

"Contributory liability requires that the secondary infringer 'know or have reason to know' of direct infringement." *A & M Records*, 239 F.3d at 1020 (citing *Cable/Home Communication Corp. v. Network Prods., Inc.*, 902 F.2d 845, 846 n 29 (11th Cir. 1990)). Plaintiff's pleading meet this requirement. Plaintiff alleged that "Defendant knew of the infringement, was conscious of his own infringement, and Defendant was fully conscious that his actions resulted in multiple other persons derivatively downloaded the file containing Plaintiff's Video." (ECF No. 10 ¶ 37.) Therefore, Plaintiff has established that Defendant had knowledge of the infringing activities.

Contributory liability requires that the secondary infringer "materially contributes to the infringing activity." *A & M Records*, 239 F.3d at 1022. Plaintiff alleged that "The infringement by the other BitTorrent users could not have occurred without Defendant's participation in uploading Plaintiff's copyrighted works. As such, Defendant's participation in the infringing activities of others is substantial and contributed, for profit, to the infringing activity of thousands of other peers over the Internet across the world." (*Id.* ¶ 38.) Therefore, Plaintiff has established that Defendant had knowledge of the infringing activities and materially contributed to the infringement conduct of others. *Buchanan,* 820 F.2d at 361. Plaintiff has established Defendant's liability for contributory infringement.

### C. Plaintiff is Entitled to Recover Statutory Damages as a Result of Defendant's Actions

Because Plaintiff's well-pled complaint establishes Defendant's liability, Plaintiff must now set forth the damages caused by his actions. *PepsiCo* 238 F.Supp. 2d at 1175. The Copyright Act permits copyright owners to obtain statutory damages for the infringement of its copyrighted work. 17 § 504. This is applicable to claims of contributory infringement. *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 434 (1984); *Los Angeles News Serv. v. Reuters Television Intern.*, 149 F.3d 987, 998 (9th Cir. 1998); *Cable/Home Communication Corp. v. Network Productions*, 902 F.2d 829, 840 (11th Cir. 1990). The copyright holder may seek "a sum of not more than $150,000" if the "infringement was committed willfully." 17 § 504 (c)(2). A court can reduce the statutory award if the "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." *Id.* Further, a court should remit the statutory damages where the:

> infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use under section 107, if the infringer was: (i) an employee or agent of a nonprofit educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or (ii) a

> public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in section 118(f)) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

*Id.* In the instant case, the infringement has been committed willfully as Defendant was aware or should have been aware of the infringement. (ECF No. 10 ¶ 28) ("Defendant's conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights."); (*id.* ¶ 20) ("The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States."); (*id.* ¶ 37) ("Defendant knew of the infringement, was conscious of his own infringement, and Defendant was fully conscious that his actions resulted in multiple other persons derivatively downloaded the file containing Plaintiff's Video."). Further, due to the nature of Plaintiff's copyrighted work, Defendant was not acting within the scope of his employment at a nonprofit organization or part of the activities of a nonprofit organization. Therefore, the Court should neither reduce nor remit the statutory damages of $150,000.

### D.  Plaintiff is Entitled to Recover Attorneys' Fees as a Result of Defendant's Actions

The Copyright Act permits the court to recover "full costs" and "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Awarding attorneys' fees addresses the goals of the Copyright Act, one of them being to discourage infringement, because it enables rights holders to vindicate or defend their rights. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526-27 (1994). Plaintiff sought attorneys' fees and costs in its amended complaint. (ECF No. 10 at 11) ("Judgment in favor of Plaintiff against the Defendant awarding the Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action."). When awarding attorneys' fees under the Copyright Act, the Court must initially decide whether awarding attorneys' fees are appropriate, considering such things as the motivation, objective

reasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* at 535. Here, Defendant's actions demonstrate a blatant disregard for Plaintiff's rights by, inter alia, failing to respond to numerous notices of his actions. Additionally, Plaintiff has expended considerable amounts of time and money to create its copyrighted motion picture, and now, to protect it. Plaintiff has been severely and negatively impacted by the activities of Defendant and individuals he helped to reproduce and distribute Plaintiff's work free of charge. Therefore, awarding Plaintiff attorneys' fees and costs are appropriate under the Copyright Act. As a result of Plaintiff's prosecution of this case against Defendant, Plaintiff has incurred attorney's fees and costs for which it requests inclusion in the default judgment. (*See* Gibbs Decl. ¶¶ 6-7.) Specifically, Plaintiff requests $3,737.50 in attorney's fees and $400.35 in costs; for a total of $4,137.85. (*Id.*) Therefore, the Court should award Plaintiff cost and fees in the amount of $4,137.85.

### III.    CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment against Defendant for damages in the amount of $154,137.85. As Plaintiff has demonstrated, Defendant infringed on Plaintiff's copyrighted work and contributed to the infringement of Plaintiff's copyrighted motion picture by numerous individuals.

Respectfully Submitted,

PRENDA LAW INC.

**DATED: November 16, 2012**

By:      /s/ Brett L. Gibbs

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 16, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, and that a true and correct copy of the foregoing was sent via First-Class, postage prepaid to:

Parry Buck
17532 N. Bruella Road
Victor, CA 95253

**DATED: November 16, 2012**              By:                /s/  Brett L. Gibbs, Esq.