IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AF HOLDINGS LLC,

      Plaintiff,                    No. 2:12-cv-01068 LKK KJN

      v.

PARRY BUCK,

      Defendant.             ORDER
_____/

        In this case, plaintiff alleges that defendant Parry Buck ("defendant") infringed on plaintiff's copyrighted video entitled *Popular Demand* (the "Video"). (See generally Mot. for Default J.; see also, e.g., First Am. Compl. ¶¶ 1, 3-4.) Plaintiff's Motion for Default Judgment is currently set to be heard on December 20, 2012.[1] (Mot. for Default J., Dkt. No. 20.)

        On December 7, 2012, defendant filed a Motion to Set Aside the Clerk's Entry of Default. (Mot. to Set Aside, Dkt. No. 23.) Defendant set his Motion for hearing on December 20, 2012, the same day as plaintiff's motion. Although defendant failed to notice his motion for a hearing date at least 28 days from the date he filed the motion, see Eastern District Local Rule 230(b), the undersigned has determined that defendant's motion pertains directly to the subject

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

1

matter of plaintiff's Motion for Default Judgment such that both motions should be heard together.

However, in light of defendant's pro se status and the "good cause" standard applicable to a request to set aside a clerk's entry of default, the undersigned hereby vacates the hearing date for both motions. See Fed. R. Civ. P. 55(c); United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091-94 (9th Cir. 2010) (holding that the "good cause" analysis involves consideration of three factors: whether the party seeking to set aside the default engaged in culpable conduct that led to the default, whether the party had no meritorious defense, or whether reopening the default would cause prejudice to the other party, and holding that satisfaction of any one of these factors is sufficient for a finding of good cause); O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994) ("The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment.").

Neither motion will be heard on December 20, 2012. Instead, within 21 days of the entry of this order, plaintiff shall file a Statement of Non-Opposition, or, alternatively, an Opposition, to defendant's Motion to Set Aside the Clerk's Entry of Default. The court will set the pending motions for a hearing date, if one is still necessary, after plaintiff completes such filing.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The December 20, 2012, hearing date currently set for Plaintiff's Motion for Default Judgment (Dkt. No. 20) and defendant's Motion to Set Aside Clerk's Entry of Default (Dkt. No. 23) is hereby VACATED.

2. Within 21 days of the entry of this order, plaintiff shall file a Statement of Non-Opposition, or, alternatively, an Opposition, to defendant's Motion to Set Aside the Clerk's Entry of Default (Dkt. No. 23). The court will set the pending motions for a hearing date, if one is still necessary, after plaintiff completes such filing.

////

3. Defendant's Motion to Appear by Telephone (Dkt. No. 24) is hereby denied as moot.

IT IS SO ORDERED.

DATED: December 12, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3