Parry Buck
PO Box 416
Victor, CA 95253
(mailing address)
209-367-5467

17352 Bruella Road
Victor, CA 95253
(physical address)

**FILED**

DEC 14 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

Defendant in Pro Per

IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>      Plaintiff,<br>vs.<br><br>PARRY BUCK,<br><br>      Defendant. | Case No. 2:12-cv-01068-LLK-KJN<br><br>Date:   December 20, 2012<br><br>*"ADDENDUM TO"*<br>DEFENDANT'S NOTICE OF MOTION AND MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT |

ON DECEMBER 20, 2012 AT 10 AM the Defendant Parry Buck will appear in front of Judge Newman in the 8th Floor Courtroom, #25 of the Sacramento Courthouse, located at 501 I Street, Sacramento, CA 95814. The Defendant Parry Buck shall present his Motion to Set Aside the Clerk's Entry of Default.

This Addendum to the original Motion to set aside the Clerk's Entry of Default, is based upon Federal Rule of Civil Procedure 55 and the accompanying declarations of the Defendant, and the attached documents that support these declarations. This Addendum will clarify why the Clerk's Entry of Default should be set aside.

## I. Legal Standard

Federal Rule of Civil Procedure 55 states that "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." F.R.C.P. 55(c). In the original Defendant's Motion to Set Aside the Entry of Default, the Defendant stated that because of his chronic medical conditions the Court should Set Aside the Clerk's Entry of Default. The Defendant believes that his health condition is a "good cause" per FRCP 55. Another "good cause" that a Court should consider when deciding on a Motion to set aside a Clerk's Entry of Default, is if the Defendant has a meritorious defence. (Please see the following)

<u>U.S. v. Signed Personal Check No. 730 of Yurban Mesle, 615 F.3d 1091 (9th Cir. 2010)</u>

In this Addendum the Defendant will explain his defence to the charges in the Summons.

## II. Defendant's Meritorious Defence

The Defendant's involvement in this case was initiated when the Defendant ordered a router from Comcast on or about June 16, 2011. The Defendant wanted this router because he wanted to put his 14 year old daughter's Apple iMac in her bedroom, and put the Defendant's iMac in his room. At the time the Defendant had never had any type of device that could access the internet wirelessly. These iMac's were built in the year 2000, and can only connect to the internet by wire, and not wirelessly.

The Defendant is a retired, partially handicapped, 59 year old former high school science and math teacher. In the late 1990's and early 2000's the Defendant built and ran a computer network at the high school where he worked. However by the time wireless networks became available, the Defendant was no longer involved with computer networking. However the Defendant has a good understanding of computer networks, and has good computer skills.

## II. Defendant's Meritorious Defence (continued)

A router for computers is similar to a splitter for a telephone line, and allows two computers to use one cable line to access the internet. When the Defendant received his router in June of 2011, he easily hooked up the router, connecting it to his modem and his two computers. With his router there was a paper with instructions from Comcast on how to connect the router. **(Exhibit A)** On this paper the last step is to insert a disk to set up a wireless network. Since the Defendant did not have any wireless devices he did not bother to insert this disk. The Defendant's router was working fine and he never gave the instructions or disk another thought.

The Defendant did not realize that as soon as he plugged the router into an electrical socket and pushed the power button on, he had set up a neighborhood wifi network. The Defendant believes that Comcast was negligent, because the Defendant was not warned that this router automatically sets up a wireless network when it is powered on. To this day, Comcast continues to send routers to customers without warning them that this router when powered up, becomes a neighborhood wifi network. Comcast also does not warn it's customers that movies can then be illegally downloaded by the customer's neighbors, and that the customer then has a good chance of being sued. The Defendant has learned that Comcast has been aware of the thousands of potential lawsuits that these wireless capable routers can cause, for at least 5 or more years.

In Plaintiff's Count 3 of the Summons, the Plaintiff implies that the Defendant was negligent if the Defendant had a wireless network that could be accessed by a third party. The Defendant was unaware that he had a wireless network at the time of the alleged copyright infringement. The defendant believes that this is a defence that will prove the Defendant is not legally responsible for the illegal copying and distributing of the Plaintiff's movie.

### III. Plaintiff's Cause of Action is Preempted

The Southern District of New York recently decided a Motion to Dismiss a functionally identical claim regarding an ISP Subscriber's purported negligence in allowing a third party to share copyrighted works over the subscriber's connection. On July 9, 2012, the court in *Liberty Media v. Tabora,* held that **The negligence claim suffers from at least two problems, each independently fatal to its survival."** *Liberty Media Holdings, LLC v. Tabora & Whetstone,* 1:12-cv-02234-LAK (ECF Doc. 33 – Memorandum Opinion) (S.D.N.Y., July 9, 2012) (emphasis added).

### IV. Conclusion

For all of the foregoing reasons, the Defendant requests that the Court Set Aside the Clerk's Entry of Default against Defendant Parry Buck. The Defendant is innocent of the Plaintiff's allegation that he downloaded and distributed the pornographic movie titled, "Popular Demand". If the Court sets aside the Clerk's Entry of Default, this ruling would allow the Defendant to file a responsive pleading, and defend himself on the merits.

By: *Parry Buck*     DATED:   December 11, 2012

Parry Buck
PO Box 416
Victor, CA 95253

### CERTIFICATE OF SERVICE:

The Defendant hereby certifies that a true and correct copy of the foregoing was sent via First-Class, postage prepaid to:

Brett L. Gibbs, Attorney for Plaintiff
38 Miller Avenue, #263
Mill Valley, CA 94941

Case No. 2:12-cv-01068-LLK-KJN
ADDENDUM TO DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT

# EXHIBIT A

# EXHIBIT A

