1   Brett L. Gibbs, Esq. (SBN 251000)
    Of Counsel to Prenda Law Inc.
2   38 Miller Avenue, #263
    Mill Valley, CA 94941
3   415-325-5900
    blgibbs@wefightpiracy.com
4
    *Attorney for Plaintiff*
5

6

7                  IN THE UNITED STATES DISTRICT COURT FOR THE

8                        EASTERN DISTRICT OF CALIFORNIA

9                             SACRAMENTO DIVISION

10

11
    AF HOLDINGS LLC,                    )      **Case No. 2:12-cv-01068-LKK-KJN**
12                                      )
                   Plaintiff,           )      Judge: Hon. Lawrence K. Karlton
13         v.                           )      Mag: Hon. Kendall J. Newman
                                        )
14  PARRY BUCK,                         )
                                        )
15                                      )
                   Defendant.           )      **PLAINTIFF'S OPPOSITION TO**
16                                      )      **DEFENDANT'S ADDENDUM TO**
                                        )      **MOTION TO SET ASIDE CLERK'S**
17  _____)      **ENTRY OF DEFAULT**

18         Defendant Parry Buck has filed an Addendum (ECF No. 28) to his Motion to Set Aside

19  Clerk's Entry of Default (ECF No. 23.) Plaintiff AF Holdings, by and through its undersigned

20  counsel, hereby responds in opposition to Defendant's Addendum.

21                                   **ARGUMENT**

22  **I.      DEFENDANT DOES NOT HAVE A MERITORIOUS DEFENSE**

23
24         Throughout these proceedings, Defendant Parry Buck has demonstrated a tendency to neglect

25  his obligations, and subsequently come up with excuses to shift the blame from himself. In the case

26  of receiving a Summons and Complaint, Defendant simply argued that his "mental ability to

27  understand how to respond to the Summons was compromised by the stress caused by the

28

Defendant's chronic foot pain, Anxiety Disorder, and overall medical condition." (ECF No. 23 at 5.) These conditions presumably still persist, and they did not stop him from submitting a well-articulated (though erroneously argued) Motion to Set Aside Clerk's Entry of Default.   It is thus clear that Defendant was not so ill that he could not fulfill his legal obligations; rather, it is the case that Defendant simply felt that, if he ignored the situation, it would go away. (*See* ECF No. 20-1 ¶¶ 6-7, Declaration of Brett L. Gibbs) (Defendant refused to cooperate and indicated that he would not participate in the case.)

Defendant contends that he has a meritorious defense; namely, he contends that he failed to follow the instructions provided to him by Comcast regarding how to set up a secure wireless network. The instructions provided by Comcast, attached to Defendant's Addendum as Exhibit A, ***clearly*** indicate at step 6 that the user is supposed to "insert [his] CD…Click Router Setup and follow the steps to set up a secure wireless network." (ECF No. 28 at Exhibit A.)  Nowhere in these instructions is it indicated that the user need not follow step 6 if he does not want wireless Internet access. Defendant asserts his belief that "Comcast was negligent, because the Defendant was not warned that this router automatically sets up a wireless network when it is powered on." (ECF No. 28 at 3.) As someone who describes himself as having "a good understanding of computer networks…and good computer skills" (*Id.* at 2), however, as well as someone who concedes that "by the time wireless networks became available, [he] was no longer involved with computer networking," Defendant undoubtedly understood the importance of following instructions, especially when dealing with new technology. But he chose not to do so; indeed, he "did not bother to insert the disk…and he never gave the instructions or disk another thought." (*Id.* at 3.) As with his conduct following his receipt of the Summons and Amended Complaint, Defendant simply chose to ignore written instructions that were provided to him, hoping that everything would just "work out." What Defendant asserts to be a meritorious defense is thus just another example of his disregard for simple

2

written instructions. Indeed, Defendant's conduct falls perfectly within the Negligence claim asserted by Plaintiff in its Amended Complaint. (*See* ECF No. 10 ¶¶ 40-50.)  Defendant had a clear opportunity to prevent such activities over his Internet—literally a step-by-step guide—and negligently ignored it.

## II.    PLAINTIFF'S CAUSE OF ACTION IS NOT PREEMPTED

Defendant argues that "Plaintiff's cause of action is preempted." (ECF No. 28 at 4.) In support of this proposition, Defendant cites *Liberty Media v. Tabora*, a case decided in the Southern District of New York. *Id.* As the case was decided in a district court of the Second Circuit, the opinion does not constitute binding authority. In addition, unlike the plaintiff in *Liberty Media*, Plaintiff's negligence claim does not assert that Defendant "knowingly facilitated and actively participated in [another's] alleged infringement." *Liberty Media Holdings, LLC v. Tabora and Whetstone,* No. 12 Civ. 2234 (LAK) at n. 17 (S.D. NY July 9, 2012). As the Court notes, "this case ***does not involve*** a concededly ignorant but allegedly careless defendant." *Id.* As such, the Court deemed Liberty Media's negligence claim to "fall squarely within the realm of contributory infringement." *Id.*

Plaintiff's instant Amended Complaint does not, however, allege a theory of negligence that amounts to contributory infringement. Plaintiff's negligence claim does not allege that Defendant knowingly facilitated and actively participated in anyone's infringement; instead, Plaintiff has alleged that Defendant was either aware that someone was using his home network for improper purposes or was extremely careless in operating it. (*See* ECF No. 10 ¶¶ 40-50.) As it turns out, Defendant himself has admitted that the latter is true. (*See* ECF No. 28 at 3, ECF No. 28 at Exh. A) (Defendant "did not bother to insert the disk…and he never gave the instructions or disk another thought" despite the fact that the instructions provided by Comcast explicitly instructed him to do so.) Plaintiff's negligence claim is thus not preempted, and should the Court not find liability on the

part of Defendant for Plaintiff's direct or contributory infringement claims, the Court should find Defendant liable on the basis of Plaintiff's Negligence claim, one which is not only falls outside the scope of preemption contemplated by the *Liberty Media* Court, but also ***directly*** corresponds to Defendant's own description of his actions.

### III.    PLAINTIFF'S DEFAULT JUDGMENT MOTION DOES NOT INCLUDE NEGLIGENCE

A separate issue regarding Defendant's preemption argument is that Plaintiff has not included a claim of negligence in its Motion for Default Judgment. (*See,* generally, ECF No. 20.) As such, Defendant's argument that Plaintiff's cause of action is preempted would be moot.

### CONCLUSION

For the reasons contained herein, Defendant's Motion to Set Aside Clerk's Entry of Default should be denied.

Respectfully Submitted,

PRENDA LAW INC.

**DATED: December 19, 2012**

By:    _____/s/ Brett L. Gibbs_____

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

1

## <u>CERTIFICATE OF SERVICE</u>

2

3         The undersigned hereby certifies that on December 19, 2012, all counsel of record who are
deemed to have consented to electronic service are being served a true and correct copy of the
foregoing document using the Court's CM/ECF system, and that a true and correct copy of the
foregoing was sent via First-Class, postage prepaid to:

4

5

6         Parry Buck
          17532 N. Bruella Road
          Victor, CA 95253

7

**DATED: December 19, 2012**          By:          _____/s/  Brett L. Gibbs, Esq._____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO DEF.'S ADD. TO MOT. TO SET ASIDE ENTRY. OF DEFAULT          No. 2:12-cv-1068-LKK-KJN