Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | No. 2:12-cv-01068-LKK-KJN |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PARRY BUCK, | ) | |
| | ) | **PLAINTIFF'S CASE STATUS REPORT** |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S CASE STATUS REPORT**

Plaintiff AF Holdings LLC ("Plaintiff"), by and through its undersigned counsel, hereby submits Plaintiff's Case Management Conference Report pursuant to the Court's Minute Order of October 25, 2012 (ECF No. 14), and the Federal Rules of Civil Procedure ("FRCP"), Rule 26.[1]

**(a) Brief Summary of the Claims:**

Plaintiff is an organization that holds the copyrights to certain adult entertainment content. Defendant Parry Buck (hereinafter "Defendant") is the alleged copyright infringer.

Plaintiff alleges that Defendant, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Plaintiff further alleges that Defendant acted in concert

---

[1] Plaintiff submits this Case Status Report on its own because, for reasons discussed more thoroughly below, Plaintiff is unable to submit a Joint Case Status Report at this time.

1  with other individuals to download a multitude of Plaintiff's copyrighted works via the BitTorrent
2  protocol.

3  On April 23, 2012, Plaintiff filed its Complaint. (ECF No. 1). On May 3, 2012, Plaintiff filed
4  its Ex Parte Application for Leave to Take Expedited Discovery. (Hereinafter "Application," ECF
5  No. 7). On May 25, 2012, the Honorable Magistrate Judge Kendall J. Newman issued his Order
6  granting Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery (ECF No. 8,
7  hereinafter "May 25 Order"). Over the following days, pursuant to the May 25 Order, Plaintiff
8  served the requisite subpoena on Comcast Cable Communications LLC ("Comcast"), the Internet
9  Service Provider ("ISP") that issued the IP address 76.125.61.233.

10  On September 9, 2012, Plaintiff filed its Amended Complaint naming Parry Buck as
11  Defendant to this case. (ECF No. 10.) A Summons was issued for Parry Buck by this Court on
12  September 11, 2012. (ECF No. 11.) Plaintiff requested that the Clerk enter default against Parry
13  Buck on November 12, 2012 because Defendant had not answered Plaintiff's Complaint as of that
14  date. (ECF No. 17.) The Clerk entered default against Parry Buck on November 13, 2012. (ECF No.
15  18.) Plaintiff filed its Motion for Entry of Default Judgment against Parry Buck on November 16,
16  2012. (ECF No. 20.) On December 7, 2012, Defendant filed his Motion to Set Aside Entry of
17  Default. (ECF No. 23.) On January 4, 2013, the Court ordered the Clerk's Certificate of Entry of
18  Default (ECF No. 18) against Parry Buck to be set aside. (ECF No. 31.)

19  On January 11, 2013 the undersigned phoned Parry Buck to discuss the Status Report. Mr.
20  Buck stated that "I do not want to participate in a joint Status Report with Plaintiff at this point in
21  time [paraphrasing]." Plaintiff then made it very clear to Mr. Buck that it would file a Status Report
22  on its own, and Mr. Buck indicated that he understood that fact.

23  **(b) Status of Service:**

24  With the Summons issued for Parry Buck, Plaintiff served Parry Buck with the Amended
25  Complaint, and other necessary case materials, on October 12, 2012.

26  **(c) Possible Joinder:**

27  Plaintiff has no plans to join parties at this time.

28

**(d) Contemplated Amendments to the Pleadings:**

None at this time.

**(e) Statutory Basis for Jurisdiction and Venue:**

As alleged in Plaintiff's Amended Complaint (ECF No. 10 ¶ 5), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

Further, this Court has personal jurisdiction over Parry Buck because he resides and committed copyright infringement in the State of California. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

**(f) Anticipated Discovery and Scheduling:**

Plaintiff served Parry Buck with the Amended Complaint and Summons on October 12, 2012. On January 11, 2013 the undersigned phoned Parry Buck to discuss the Status Report. Mr. Buck stated that "I do not want to participate in a joint Status Report with Plaintiff at this point in time [paraphrasing]." Plaintiff then made it very clear to Mr. Buck that it would file a Status Report on its own, and Mr. Buck indicated that he understood that fact. In light of this, Plaintiff now files this Status Report on its own.

As such, Plaintiff can only give a good faith estimate as to the timeline of anticipated discovery and its scheduling from its perspective, as Defendant has chosen not to participate jointly in the planning process. Future discovery, scope of that discovery, and any timeline of such discovery will, of course, depend on the Defendant's future involvement and level of participation.

As such, presently, below are Plaintiff's best estimates and what the Plaintiff expects at this present time.

(1) <u>Changes to Time, Form, or Requirements for Disclosure under Rule 26(a):</u>

Plaintiff has no suggested changes to the time, form, or requirements for disclosure.

(2) <u>Subjects on Which Discovery May be Needed; When Discovery Should be Completed; Whether Discovery Should be Conducted in Phases:</u>

If necessary, Plaintiff intends to pursue discovery related to Defendant's computer and Internet usage—what types, the extent thereof, his interaction with uploading and downloading videos online, etc.—including Mr. Buck's general computer security knowledge and his living circumstances. Plaintiff's discovery also will include the layout of his house, who he shares it with, his computer(s) hard drive (and the files contained therein) and server, Mr. Buck's home network setup, and any other issued related to the claims at issue in this case.

Plaintiff is currently unaware of any discovery needs of the Defendant. Similarly, the timeline and form of any discovery will depend on Mr. Buck's participation in the process.

(3) <u>Changes to Limitations on Discovery Imposed under the Civil Rules:</u>

At this time, Plaintiff does not foresee any changes to limitation on discovery imposed under the Civil Rules.

(4) <u>Timing of the Disclosure of Expert Witnesses; Information Required by Rule 26(a)(2):</u>

Plaintiff currently has no objections to the timing set up in Rule 26(a)(2).

(5) <u>Scheduling:</u>

At this time, Plaintiff is not aware of any proposed schedule from the Defendant. Plaintiff's attempt to communicate with the Defendant about drafting a Joint Case Status Report was, as described above, declined by Mr. Buck. As such, Plaintiff proposes the following schedule:

| | |
|---|---|
| Non-expert Discovery Cut-off: | June 7, 2013 |
| Opening Expert Disclosure: | July 5, 2013 |
| Rebuttal Expert Disclosure: | July 26, 2013 |
| Last Day – Dispositive Motions: | September 13, 2013 |
| Joint Pretrial Statement Due: | September 23, 2013 |
| Pretrial Conference: | October 7, 2013 |
| Trial: | October 22, 2013 |

**(i) Estimate of Days of Trial:**

Plaintiff's best estimate is 2 days.

**(j) Appropriateness of Special Procedure Such as Referral to Special Magistrate, etc:**

None.

**(k) Proposed Modifications of Standard Pretrial Procedures Due to Special Nature of the Case:**

None.

**(l) Related Case:**

Not applicable.

**(m) Prospect for Settlement:**

Plaintiff is open to settlement before proceeding to a full trial.

**(n) Any Other Matters:**

As described above, Plaintiff has tried to draft a joint status report with the Defendant, but he declined to do so.

Respectfully Submitted,

AF Holdings LLC,

**DATED: January 11, 2013**

By: \_\_\_\_/s/  Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 11, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, and that a true and correct copy of the foregoing was sent via First-Class, postage prepaid to:

Parry Buck
17532 N. Bruella Road
Victor, CA 95253

**DATED: January 11, 2013**          By:              ____/s/  Brett L. Gibbs, Esq._____